■ In the Matter of BARBARA DELANEY, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondent. [631 NYS2d 194] —Mikoll, J. Appeal from a judgment of the Supreme Court (Spain, J.), entered August 15, 1994 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, *inter alia*, to direct respondent New York State Teachers' Retirement System to allow petitioner credit for prior service.

Petitioner is currently a tier III member of the New York State and Local Employees' Retirement System (hereinafter ERS) and a tier IV member of the New York State Teachers' Retirement System (hereinafter TRS). This appeal concerns petitioner's efforts to obtain credit for her employment as a substitute teacher in 1977-1978, rendering her eligible for retroactive tier II membership in the ERS.

Petitioner bases her claim of entitlement to tier II membership upon various noncontinuous State and municipal positions held by her from 1974 to the present. The first such employment occurred during the summers of 1974 and 1975, when petitioner worked for a municipality as a recreation aide. During the 1977-1978 academic year, petitioner worked for eight days as a substitute teacher. Petitioner did not join either the ERS or the TRS prior to 1983. In 1983, petitioner was employed by the State Office of Court Administration (hereinafter OCA) at which time she joined the ERS. Petitioner was laid off by OCA in September 1991 but resumed her employment with OCA in April 1992, which employment continued up to the time of the instant petition. In October 1991, during her lay-off from OCA, petitioner worked for one day as a substitute teacher which enabled her to initiate her current membership in the TRS.

Petitioner's subsequent application for tier II membership in the ERS, available only to public employees hired before July 1, 1976 (see, Retirement and Social Security Law § 500 [a]), was denied because of the over five-year period of inactivity between the end of her municipal employment in 1975 and her hiring by OCA in 1983 (see, Retirement and Social Security Law former § 40 [f] [1]). Petitioner contends that this denial was arbitrary and capricious because she should have been given credit for her service as a substitute teacher in 1977-1978, which credit would interrupt the over five-year hiatus in her record of public service.

Petitioner's contentions are, however, belied by the terms of the Laws of 1991, chapter 422, providing that only those who were members of the TRS before July 1, 1991, the effective date thereof, may transfer to the ERS any service as a teacher rendered prior to January 1, 1986. Petitioner did not become a member of the TRS until October 1991. Hence, she is not eligible to transfer her time from the TRS to the ERS and she is accordingly not eligible for retroactive tier II membership.

Petitioner's proposed transfer of her credits from the ERS to the TRS to establish a TRS membership date prior to July 1, 1991 is foreclosed by the terms of 21 NYCRR 5008.2 (a), which permits such transfers only on condition that the TRS member "withdraws from the other retirement system". Petitioner is barred from doing so by Retirement and Social Security Law § 500 (b) (4) which requires her, as a current OCA employee, to maintain her membership in the ERS.

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.